Filed 6/28/24  P. v. Mitchell CA3

NOT TO BE PUBLISHED

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>BASILIO MITCHELL,<br><br>Defendant and Appellant. | C099912<br><br>(Super. Ct. No. 01F03956) |

Defendant Basilio Mitchell appeals the trial court's order extending his involuntary commitment for treatment as an offender with a mental health disorder.  He contends the record does not affirmatively demonstrate that he knowingly and voluntarily waived his right to a jury trial.  We agree and reverse.[1]

---

[1] Defendant also claims the evidence was insufficient to support the trial court's findings and that the expert testimony was speculative and unreliable.  Because the lack of a valid jury trial waiver compels reversal, we need not address these claims.

## I. BACKGROUND[2]

In 2005, defendant pleaded no contest to voluntary manslaughter (Pen. Code,[3] § 192, subd. (a)) and admitted personal use of a firearm (§ 12022.5, subd. (a)). The trial court sentenced him to 11 years (the upper term) for the voluntary manslaughter and four years (the middle term) for the firearm use enhancement. Prior to release on parole, defendant was committed for treatment as an offender with a mental health disorder (OMHD).[4]

In 2023, the People petitioned to extend defendant's commitment. Defense counsel requested a jury trial at a hearing in which defendant appeared remotely. But at a subsequent hearing, in which defendant was not present, defense counsel answered affirmatively when asked if the proceeding would be a bench trial. During the pretrial conference, the trial court stated "[t]he matter was sent up for court trial" because defendant had "waived jury trial." A bench trial was held, and the trial court ultimately granted the People's petition.

Defendant timely appealed.

## II. DISCUSSION

Defendant argues the recommitment order must be reversed because the record does not establish that he waived his right to a jury trial. The People agree, as do we.

---

[2] The People requested judicial notice of the record from defendant's direct appeal of his conviction and of a court opinion in a related matter involving defendant. Defendant opposed this request. In light of our decision, we deny the People's request as moot. (See *State Comp. Ins. Fund v. ReadyLink Healthcare, Inc.* (2020) 50 Cal.App.5th 422, 442 [denying request for judicial notice "on the ground that the materials are not relevant to [the court's] determination of the issues on appeal"].)

[3] Undesignated statutory references are to the Penal Code.

[4] When defendant was initially committed, OMHD's were termed "mentally disordered offenders" or "MDO's" under the statutory scheme. (See former § 2962, subd. (d)(3).) The Legislature has since changed the term to OMHD. (See Stats. 2019, ch. 9, § 7; *Conservatorship of Eric B.* (2022) 12 Cal.5th 1085, 1094, fn. 3.) For ease of exposition, we will use the term OMHD throughout this opinion.

In OMHD recommitment proceedings, "[t]he court shall advise the person . . . of the right to a jury trial" and that "[t]he trial shall be by jury unless waived by both the person and the district attorney." (§ 2972, subd. (a).) "[T]he trial court must advise the [OMHD] defendant personally of his or her right to a jury trial and, before holding a bench trial, must obtain a personal waiver of that right from the defendant unless the court finds substantial evidence . . . the defendant lacks the capacity to make a knowing and voluntary waiver." (*People v. Blackburn* (2015) 61 Cal.4th 1113, 1116.) Here, the record discloses no advisement by the trial court and no waiver by defendant of his right to a jury trial. Further, there is no evidence defendant lacked the capacity to make a knowing and voluntary waiver. The trial court thus erred in conducting a bench trial without obtaining a valid jury trial waiver.

The failure "to obtain a valid jury trial waiver from an [OMHD] defendant . . . denies the defendant his or her statutory right to a jury trial on the entire cause." (*People v. Blackburn*, *supra*, 61 Cal.4th at p. 1132.) This error "defies ordinary harmless error analysis" and is a " 'miscarriage of justice' within the meaning of the California Constitution, article VI, section 13 [that] requires reversal without inquiry into the strength of the evidence in a particular case." (*Blackburn*, at pp. 1132-1134.) Accordingly, we reverse.

### III. DISPOSITION

The order extending defendant's involuntary commitment is reversed.

/s/
Wiseman, J.[*]

We concur:

/s/
Robie, Acting P. J.

/s/
Duarte, J.

---

[*] Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.